### HENRY N. GARDNER *vs.* JOHN M. WAY & another.

Payment by the principal in a recognizance, on which a suit is pending against him and his surety, of a sum which is received by the creditor in full settlement thereof, after the surety has been declared insolvent and the attachment of his property in the suit has been ordered to survive, and the assignee of his estate has been admitted to prosecute the suit for the benefit of creditors, extinguishes the cause of action, and the assignee cannot be allowed, even with the consent of the surety, to take judgment against him.

CONTRACT upon a poor debtor's recognizance, in which John M. Way was principal and Granville G. Redding was surety.

It appeared in the superior court that after the service of the writ proceedings in insolvency were instituted against Redding, and B. F. Rice was duly appointed assignee of his estate, and the attachment of Redding's property upon the writ was duly ordered to survive, and Rice obtained leave in this court to come in and prosecute the action for the benefit of the creditors, under the statute. Afterwards the attorney of the plaintiff, Gardner, received of Way four hundred dollars in full settlement and discharge of the judgment and execution against him, and of the recognizance on which this suit was founded, and signed an agreement that neither party might be entered therein, which was filed in the case. Rice also filed an agree-- ment signed by Redding and his counsel, that a default might be entered and judgment taken for an amount which was named; and he moved for judgment accordingly. The defendant Way moved that neither party should be entered, which *Morton*, J. permitted to be done; and Rice alleged exceptions.

*A. A. Ranney*, for Rice.

*J. S. Abbott*, for Way, was not called upon.

BIGELOW, C. J. The provision of the insolvent law, Gen. Sts. *c.* 118, § 45, giving to assignees the right to cause an attachment on the property of the insolvent to survive for the benefit of his estate, and, as incidental thereto, to proceed with the action and to levy the execution which might be recovered therein on the property attached on the original writ, was designed only to apply to cases where there was a valid subsisting claim against the estate of the insolvent in favor of the plaintiff, which might be prosecuted to final judgment. If there is no such claim, or the cause of action is satisfied or extinguished, so that no judgment can be recovered on which an execution can be levied on the property attached so as to save it for the creditors, then the whole object for which the statute was intended fails. If no valid judgment can be obtained, there is nothing to be gained for the benefit of the estate by proceeding further with the action.

In the case at bar, the sum due on the recognizance on which the insolvent was liable as surety for his co-defendant in the

action was paid by the principal. This extinguished the cause of action and left nothing on which to found the further prosecution of the suit, or to support a judgment. The agreement of the defendant Redding to be defaulted, and his assent that a judgment might be entered for a specific sum, did not authorize the court to render such judgment in the face of the fact which was made to appear, that the sum due on the recognizance had been actually paid to the plaintiff by the principal. The rights of parties claiming the estate which was subject to the attachment could not be defeated by any such collusive arrangement, but only by a judgment duly rendered on a valid cause of action. The statute cannot be construed so as to prevent parties from making a legal adjustment of their actions, especially in a case like the present, where the debt was paid by the principal who was primarily liable therefor, and the estate of the insolvent was thereby relieved from all liability. We are therefore of opinion that the assignee could not rightfully claim to prosecute this action further, and that he was not aggrieved by the order of the court permitting the entry of neither party to be made.

*Exceptions overruled.*